```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA,  Petitioner,  v.  RUDOLPH CAPRI and PATRICIA CAPRI,  Respondents. | HON. JEROME B. SIMANDLE  Civil No. 08-469 (JBS)  **OPINION** |

APPEARANCES:

Duston K. Barton, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Tax Division
PO Box 227
Washington, DC 20001
    Counsel for Petitioner

Ronald M. Warren, Esq.
KULZER & DIPADOVA
76 Euclid Avenue
Haddonfield, NJ 08033
    Counsel for Respondents

**SIMANDLE**, District Judge:

　　Petitioner the United States of America ("Petitioner") has filed a petition asking this Court to approve an administrative levy by the Internal Revenue Service ("IRS") upon the primary residence of Respondents Rudolph Capri and Patricia Capri ("Respondents"). Petitioner asserts that, as of May 4, 2007, Respondents were indebted to the United States for tax liabilities for the years 1981 through 1985 in the amount of

$382,067.15.  Respondents object to the levy, arguing that the IRS did not follow proper procedure in seeking the levy.  The Court disagrees with Respondents, for the reasons set forth below, and will approve Petitioner's request for a levy on Respondents' primary residence [Docket Item 1].

**I.    DISCUSSION**

Though the Internal Revenue Code generally exempts a taxpayer's principal residence from levy, the statute further provides that "a principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." 26 U.S.C. §§ 6334(a)(13)(B), (e)(1)(A).  To establish a prima facie case for approval of a levy, the Government must show (1) the underlying liability has not been satisfied, (2) the requirements of any applicable law or administrative procedure relevant to the levy have been met, and (3) no reasonable alternative for collection of the taxpayer's debt exists.  26 C.F.R. § 601.6334-1(d)(1).  Respondents are provided a hearing in which they may attempt to rebut the Government's prima facie case, but they are limited in their attack to the three requirements listed above. 26 C.F.R. § 601.6334-1(d)(2).  "The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding."  Id.

On January 25, 2008, Petitioner filed its petition for judicial approval of levy upon Respondents' primary residence, asserting that Respondents' unpaid taxes justified a lien on Respondents' home. In support of this petition, Petitioner attached a declaration from Florence Mathis, the IRS Revenue Officer assigned to collect the unpaid federal income tax liabilities of Respondents. (Mathis Decl. ¶¶ 1-2.) Ms. Mathis states that she has examined the IRS tax assessments against Respondents and confirms that despite notice and demand, Respondents have failed to pay the liabilities in full. (Id. ¶¶ 5-6.) She further asserts that the IRS "has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property" and there is no reasonable alternative to this levy. (Id. ¶¶ 7-8.) With this showing, Petitioner has established a prima facie case in support of its petition for approval of a levy on Respondents' home. 26 C.F.R. § 601.6334-1(d)(1).

Respondents seek to rebut by arguing that Petitioner did not follow proper procedure when it "failed to verify the [IRS] assessments" made against Respondents, as they suggest is required by the Internal Revenue Manual. (Resp't Br. at 8.) Respondents attempt to show this deficiency by pointing to several alleged flaws in the assessment of liability, arguing that Ms. Mathis must not have verified the assessments, or else

3

she would have discovered these alleged errors in the IRS assessments.  (Id.)  The levy must be refused, they argue, as a result of this alleged failure to inspect the IRS assessments.  (Id.)

The Court finds that Respondents are essentially challenging the merits of the underlying tax liability, which they are expressly forbidden from doing in this proceeding.  26 C.F.R. § 601.6334-1(d)(2); see Robinson v. U.S., 920 F.2d 1157, 1159 (3d Cir. 1990) (noting "the long-standing principle that except as to matters within the jurisdiction of the Tax Court, 'a person whose sole claim is that a federal tax assessment was not well grounded in fact and law must pay first and litigate later.'" (quoting Falik v. United States, 343 F.2d 38, 42 (2d Cir. 1965))).  As an initial matter, the Court notes that the Internal Revenue Manual does not require that the "assessments" be verified, but merely states that "[t]he liability must be verified."  I.R.M. 5.10.1.3.  Ms. Mathis has done just that.  She has examined the IRS tax assessments made against Respondents and noted the amounts.  (Mathis Decl. ¶ 5.)  Those assessments are presumed valid.  See U.S. v. Vespe, 868 F.2d 1328, 1331 (3d Cir. 1989); Psaty v. U.S., 442 F.2d 1154, 1160 (3d Cir. 1971).  Ms. Mathis further confirms that notices of the assessments and demands for payment were sent to Respondents and Respondents have not paid in full for these liabilities.  (Mathis Decl. at ¶ 6.)  Likewise, Respondents have

4

not suggested that no reasonable alternative for collection of the taxpayers' debt exists.  The Court is satisfied that Ms. Mathis has verified Respondents' liability and Petitioner has met the requirements of applicable law and administrative procedure.

To the extent Respondents challenge the merits of the underlying tax liability, the Court cannot consider those claims. 26 C.F.R. § 601.6334-1(d)(2).  The assessments were made on November 18, 1998 and Respondents have had almost ten years to challenge those assessments, but they have not done so. Respondents had the opportunities to challenge their assessments when made ten years ago by filing in the Tax Court, or by requesting a collection due process (CDP) hearing upon receipt of the notice of intent to levy, pursuant to 26 U.S.C. § 6330.  Now is not the time, and this Court is not the forum, to bring these challenges.  The Court does note, however, that Petitioner has more than adequately responded to Respondents' attacks on the merits and it appears that there is no reasonable doubt that the taxes in this case were properly assessed, though the question need not be decided to approve the administrative levy.

The Court finds that the Petitioner has established that Respondent's tax liability has not been paid, that the IRS has followed all applicable laws and procedures, and that there is no alternative source to satisfy Respondents' debt.  As a

consequence, the Court will approve Petitioner's request for a levy.

## II.   CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's petition for judicial approval of levy upon primary residence. The accompanying Order is entered.[1]

**October 31, 2008**                              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              United States District Judge

---

[1] At Respondents' request, the Order also memorializes the United States' agreement that the proceeds of any sale of this jointly owned primary residence will be applied only to the joint tax liabilities of the Respondents, and also that the execution upon this levy will be stayed for sixty (60) days following entry of the Order to facilitate ongoing efforts for a private sale. The IRS has sole discretion whether to further extend this voluntary stay.

6